## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

TABATHA SMILEY,

        Plaintiff,

v.                                                    Case No. 6:21-cv-2149-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

        Defendant.

_____

## __OPINION AND ORDER__[1]

### I.  Status

Tabatha Smiley ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of chronic back and neck pain, fibromyalgia, arthritis, neuropathy and nerve damage, rhabdomyolysis, and muscle weakness. Transcript and Supplemental Transcript of Administrative Proceedings (Doc. Nos. 19-20; collectively, "Tr." or "administrative transcript"), filed April 6, 2022, at 108, 118, 132, 143, 560.

---

[1]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 18), filed April 6, 2022; Reference Order (Doc. No. 22), entered April 7, 2022.

On October 2, 2013, Plaintiff protectively filed the DIB and SSI applications, alleging a disability onset date of October 1, 2013 in the DIB application and September 21, 2010 in the SSI application.[2] Tr. at 470-41 (DIB), 472-81 (SSI). The applications were denied initially, Tr. at 108-17, 128, 130, 213-15 (DIB), 118-27, 129, 131, 216-18 (SSI), and upon reconsideration, Tr. at 132-42, 154, 156, 221-25 (DIB), 143-53, 155, 157, 226-30 (SSI).

On December 22, 2015, an Administrative Law Judge ("ALJ") held a hearing, during which the ALJ heard from Plaintiff, who appeared with a non-attorney representative, and a vocational expert ("VE"). See Tr. at 2705-32 (transcript), 279 (appointment of representative document). At the time, Plaintiff was forty-three (43) years old. Tr. at 2708. The ALJ issued a decision on February 17, 2016 finding Plaintiff not disabled through the date of the decision. Tr. at 161-71. On March 17, 2017, the Appeals Council vacated the ALJ's decision and remanded the matter to the ALJ with instructions to reconsider various matters. Tr. at 178-81.

On January 17, 2018, the ALJ held another hearing, during which the ALJ heard from Plaintiff, who appeared with the same non-attorney representative, and a VE. See Tr. at 79-107. At the time of this hearing, Plaintiff

---

[2] The DIB application was actually completed on October 3, 2013. See Tr. at 470. The SSI application was actually completed on October 4, 2013. See Tr. at 472. The protective filing date for both the DIB and SSI applications is listed in the administrative transcript as October 2, 2013. See, e.g., Tr. at 108, 118, 132, 143.

was forty-five (45) years old. Tr. at 82. On March 14, 2018, the ALJ issued a decision finding Plaintiff not disabled through the date of the decision. See Tr. at 186-99. On February 21, 2019, the Appeals Council again vacated the ALJ's decision and remanded the matter with instructions to reconsider various issues. Tr. at 208-11.

Another ALJ held a hearing on March 4, 2021, during which he heard from Plaintiff, who appeared with the same non-attorney representative, and from a VE.[3] Tr. at 55-78. At the time of the hearing, Plaintiff was forty-nine (49) years old. Tr. at 59. The ALJ issued a Decision on March 24, 2021 finding Plaintiff not disabled through the date of the Decision. Tr. at 16-43. Plaintiff requested review of the ALJ's Decision and submitted a brief authored by her representative in support. Tr. at 4-5 (Appeals Council Exhibit List and Order), 467-69 (request for review), 655-57 (brief). On November 2, 2021, the Appeals Council denied review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On December 23, 2021, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

---

[3]     The hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances presented by the earlier stages of the COVID-19 pandemic. Tr. at 57-58.

On appeal, Plaintiff argues the ALJ "failed to apply the correct legal standards to Dr. [Deepak] Tikku's opinion." Plaintiff's Brief (Doc. No. 24; "Pl.'s Br.") filed June 3, 2022, at 2; see id. at 5-10. On August 1, 2022, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 25; "Def.'s Mem."), responding to Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart,

---

[4]      "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 19-43. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since October 1, 2013, the alleged onset date." Tr. at 19 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, obesity, rheumatoid arthritis, inflammatory myopathy/polymyositis, rhabdomyolysis, neuropathy, fibromyalgia, and headaches." Tr. at 19 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 19 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform sedentary work as defined in 20 CFR [§§] 404.1567(a) and 416.967(a) except she needs a sit/stand option, meaning she needs to be able to sit or stand at her option to perform the work that is assigned; needs to avoid ladders or unprotected heights; needs to avoid the operation of heavy, moving machinery; occasionally bend, crouch, kneel, or stoop, but needs to avoid squatting or crawling; needs to avoid the push/pull of arm controls

or overhead reaching; needs to avoid the operation of foot controls; and needs a monocane for ambulation.

Tr. at 20 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "Home Health Aide." Tr. at 41 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("41 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 41, such as "Table Worker," "Final Assembler," and "Semi-Conductor Bonder," Tr. at 42 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from October 1, 2013, through the date of th[e D]ecision." Tr. at 43 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a

preponderance.'" <u>Dyer v. Barnhart</u>, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting <u>Hale v. Bowen</u>, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Falge</u>, 150 F.3d at 1322 (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)); <u>see also</u> <u>Biestek v. Berryhill</u>, 139 S.Ct. 1148, 1154 (2019); <u>Samuels v. Acting Comm'r of Soc. Sec.</u>, 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." <u>Cornelius v. Sullivan</u>, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Dr. Tikku, a neurologist, treated Plaintiff for her back and neck pain and fibromyalgia. In connection with the treatment and as relevant here, Dr. Tikku issued a number of opinions and/or made notations about Plaintiff's functioning throughout the administrative process. <u>See, e.g.</u>, Tr. at 1187-93 (November 5, 2014), 1622, 1659 (March 16, 2017 and duplicate), 1854 (November 16, 2017), 2310 (February 6, 2018). Plaintiff argues the ALJ erred in evaluating two of Dr.

Tikku's "opinions": those dated November 16, 2017 and February 16, 2018. Pl.'s Br. at 6. These "opinions" are embedded in the "History of Present Illness" or "HPI" sections of the treatment notes and state that Plaintiff "is unable to work for any extended period of time and needs to rest due to the pain after about 10-15 min." Tr. at 1854, 2310 (some emphasis omitted). According to Plaintiff, the ALJ ignored part of these "opinions" and otherwise provided insufficient reasons that are unsupported for discounting them. Pl.'s Br. at 6-10. Responding, Defendant contends first that the statements at issue are subjective statements reported by Plaintiff to Dr. Tikku, not medical opinions. Def.'s Mem. at 1, 5-8. Alternatively, Defendant argues the ALJ properly gave the "opinions" no weight. Id. at 8-14.

"Medical opinions[5] are statements from [physicians or other] acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1).

---

[5]    On January 18, 2017, the SSA revised the Rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844, 5,844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (Mar. 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Because Plaintiff protectively filed her claims before that date, the undersigned cites the Rules and Regulations that are applicable to the date the claims were filed, as well as Eleventh Circuit authority interpreting those Rules and Regulations.

Acceptable medical sources include licensed physicians, licensed psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. 20 C.F.R. § 404.1502(a).[6]

The Regulations establish a hierarchy among medical opinions that provides a framework for determining the weight afforded each medical opinion. See 20 C.F.R. § 404.1527. Essentially, "the opinions of a treating physician are entitled to more weight than those of a consulting or evaluating health professional," and "[m]ore weight is given to the medical opinion of a source who examined the claimant than one who has not." Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1259, 1260 n.5 (11th Cir. 2019). Further, "[n]on-examining physicians' opinions are entitled to little weight when they contradict opinions of examining physicians and do not alone constitute substantial evidence." Id. at 1260 (citing Sharfarz v. Bowen, 825 F.2d 278, 280 (11th Cir. 1987) (per curiam)).

The following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical

---

[6]    For claims filed on or after March 27, 2017, acceptable medical sources also include licensed audiologists, licensed Advanced Practice Registered Nurses, and licensed Physician Assistants. 20 C.F.R. § 404.1502(a)(6)-(8).

evidence in the record; and (5) "[s]pecialization." 20 C.F.R. § 404.1527(c)(2)-(5); see also 20 C.F.R. § 404.1527(f); Walker v. Soc. Sec. Admin., Comm'r, 987 F.3d 1333, 1338 (11th Cir. 2021) (citation omitted); McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (citation omitted) (stating that "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining physicians[;] treating physicians[' opinions] are given more weight than [non-treating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists").

An ALJ is required to consider every medical opinion. See 20 C.F.R. § 404.1527(c) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. 1981) (citation omitted); see also 20 C.F.R. § 404.1527(c)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz, 825 F.2d at 279); Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Lewis, 125 F.3d at 1440.

Here, the ALJ did appear to assume that at least the November 2017 statement in Dr. Tikku's notes was his opinion. The ALJ wrote, "[i]n February

2014 and again in November 2017, Dr. Tikku opined [Plaintiff] is unable to do any work due to her medical condition." Tr. at 39 (citing Exhibit 40F, located at Tr. at 1854-59). The ALJ did not specifically address the identical February 16, 2018 statement in Dr. Tikku's notes. Despite the ALJ's assumption, however, the Court finds that the notations Plaintiff characterizes as Dr. Tikku's "opinions" are not in fact medical opinions as defined by the applicable Regulations. Rather, read in context—including their placement in the "HPI" or "History of Present Illness" sections of the notes and under a "Chief Complaint(s)" heading (for the earlier notation)—these notations are simply documentation of Plaintiff's subjective complaints of how her impairments affect her. See Tr. at 1854, 2310. Indeed, in both notes, the very next line discusses that Plaintiff "[d]enies any sedation dizziness or drowsiness on the current medications," Tr. at 1854, 2310, again showing that they are simply documenting her subjective allegations.

Even if these allegations could be attributed to Dr. Tikku and deemed medical opinions, however, the ALJ did not reversibly err in addressing them. As an initial matter, because the notations are identical, any error in failing to address the February 16, 2018 one is harmless. Substantively, the ALJ wrote as to the February 2014 and November 2017 statements: "[n]o weight is given to these opinions" because "the statement that [Plaintiff] is unable to work is a legal conclusion which is reserved to the Commissioner." Tr. at 39. This is an

accurate characterization of the applicable Regulations, which apply to the extent that statement appeared in the notes. <u>See</u> 20 C.F.R. § 404.1527(e)(1). Plaintiff argues that the notes contain more than just that statement, i.e., that Plaintiff could not work for an extended period and that she would need to rest after ten to fifteen minutes due to pain. Pl.'s Br. at 7. The ALJ, however, also wrote that "there is no medical rationale provided for these opinions, and they are inconsistent with [Plaintiff's] activities of daily living and Dr. Tikku's own medical opinion from November 2014, in which he indicated that [Plaintiff] is able to perform a wide range of activities." Tr. at 39. These findings are accurate and supported by substantial evidence. <u>See, e.g.</u>, Tr. at 39-40 (ALJ discussing Plaintiff's daily activities), 1187-93 (Dr. Tikku's November 2014 opinion). The ALJ did not reversibly err.

## V.   Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.      The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 29, 2023.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record